IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARVIN LIGHT**                                                                                    **PLAINTIFF**

vs.                                              No. 5:20-cv-5143-TLB

**BOB MALONEY COLLISION CENTER, INC.**                                  **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Marvin Light ("Plaintiff"), by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Bob Maloney Collision Center, Inc. ("Defendant"), he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient overtime wages under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business in the Fayetteville Division of the Western District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

10. Defendant is a domestic, for-profit corporation.

11. Defendant's registered agent for service is Robert L. Boyer, 1106 W. Poplar, Rogers, Arkansas 72756.

12. Defendant maintains a website at https://bobmaloneycollision.com/.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant has operational control and management, as well as control over employees, including the power to supervise, hire and fire, establish wages and wage policies and set schedules for its employees.

15. Defendant primarily provides collision repair services including auto body repair, dent repair, towing, autobody refinishing, and auto glass repair and replacement.

16. During the relevant time, Defendant had at least two (2) employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

18. Defendant employed more than four employees within the State of Arkansas during each of the four years preceding the filing of this Complaint.

19. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendant has multiple locations in Arkansas, including the location in Springdale where Plaintiff was employed.

21. At all relevant times, Defendant directly hired Plaintiff to work in its facilities, paid his wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

22. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

23. Defendant employed Plaintiff from approximately March of 2018 until May of 2020.

24. Plaintiff was employed by Defendant as an assistant manager.

25. Plaintiff began employment for the Defendant as an hourly paid employee, was switched to salary, then back to hourly, and then back to salary. At the time of termination, Plaintiff was paid as a salaried employee.

26. When Plaintiff was paid a salary, he did not clock in or out.

27. Plaintiff regularly worked over forty hours per week, both as an hourly employee and a salaried employee.

28. Plaintiff would arrive early (around 7:45 AM) for morning meetings and he was generally the last to leave at the end of the workday after the hourly paid employees clocked out.

29. Plaintiff worked for Defendant as an assistant manager and was classified by Defendant as exempt from the overtime requirements of the FLSA while being paid salary wages.

30. Defendant did not pay Plaintiff overtime wages at a rate of one and one-half (1.5) times his regular rate of pay for hour he worked over forty (40) each week. This was the case both when Plaintiff was paid hourly and when he was paid salary.

31. Plaintiffs job duties were the same whether he was paid hourly or salary.

32. As an assistant manager, Plaintiff was responsible for helping automotive technicians with their duties when they needed a second person, helping the disassembly crew by writing down what they needed to perform their duties, taking photos of damage and documenting it, and working with insurance companies on collision claims.

33. Plaintiff did not have the authority to hire or fire any other employee.

34. Plaintiff did not have disciplinary authority over employees and did not provide disciplinary write-ups.

35. Plaintiff did not perform written performance evaluations on other employees.

36. Plaintiff would sit in on job interviews and provide his opinion on a candidate; however, his recommendations were not always followed and were not given particular weight.

37. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

38. Plaintiff received monthly bonuses based on nondiscretionary criteria such as the profitability of the shop.

39. Section 778.117 of Title 29 of the CFR states that nondiscretionary bonuses "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

40. Defendant violated the FLSA by not including the commissions paid to Plaintiff in his regular rate when calculating his overtime pay.

41. At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for the hours he worked over forty (40) per week.

42. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.  FIRST CAUSE OF ACTION—Violation of the FLSA

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

46. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

47. 29 U.S.C. §§ 206 and 207 require employers to pay employees a minimum wage for all hours worked up to forty (40) in one week and overtime wages of 1.5x the regular rate of pay for all hours 40 unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

48. During the period relevant to this lawsuit, Defendant sometimes

Page 6 of 9
Marvin Light v. Bob Maloney Collision Center, Inc.
U.S.D.C. (W.D. Ark.) Case No. 5:20-cv-5143-TLB
Original Complaint

misclassified Plaintiff as exempt from the overtime requirements of the FLSA and sometimes classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

49. Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

50. Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff in his regular rates when calculating their overtime pay.

51. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI.  SECOND CAUSE OF ACTION—Violation of the AMWA

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

55. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

56. Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to forty (40) and to pay one and one-half times regular

wages for all hours worked over forty (40) in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

57. Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty (40) in each one-week period.

58. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Marvin Light respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violated the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime wages pursuant to the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorneys' fee, and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MARVIN LIGHT**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Daniel Ford*
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com